# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMAIN OATIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 19-cv-4139-JBM |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, medical malpractice and intentional infliction of emotional distress ("IIED") at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On November 25, 2016, Plaintiff discovered a painful lump on the left side of the back of his head. Several days later, Plaintiff noted that the bump had gotten much larger and more painful. Plaintiff notified an unidentified officer who called the healthcare unit and was told that

Plaintiff was to submit a sick call request. Plaintiff did so but asserts that he was not seen until December 15, 2016. In the interim, he suffered great pain and was unable to sleep at night.

On December 15, 2016, Plaintiff was seen by an unidentified female nurse. She advised Plaintiff that the bump on his head was a cyst. The nurse gave Plaintiff an ointment which he was to apply twice daily. Plaintiff received follow-up care and was told that the cyst was healing. Plaintiff was also seen by the facility Medical Director who confirmed that the bump was a cyst and indicated that the topical treatment would take care of it.

Plaintiff claims, however, that the cyst continued to grow. He estimates that by August 19, 2017, it was the size of a large tennis ball. He pleads that he lived in constant fear that, rather than a cyst, he had cancer at or near his brain. Plaintiff indicates that he submitted one or more sick call slips and did not receive a response. He does not, however, identify anyone whom he holds responsible for the failure to respond.

On September 8, 2017, Plaintiff awoke to find his pillowcase was full of blood and pus, likely indicating that the cyst had ruptured. Despite this, Plaintiff continued to fear that he had a fatal disease, believing that the fluid from the cyst could be evidence of cancer as, he "[did] not know what cancer looks like." Plaintiff does not plead any subsequent pain or problems related the cyst after September 8, 2017.

Plaintiff alleges that Defendants are liable both in deliberate indifference and medical malpractice. He claims that they "misled" him as to the proper diagnosis and allowed him to walk around for months, fearing that he had cancer. Plaintiff believes that he should have been referred to an off-site medical facility and to have undergone a diagnostic MRI. He alleges, generally, that Defendants' conduct amounted to the intentional infliction of emotional distress, IIED.

As noted, Plaintiff does not plead that he suffered any further symptoms after the cyst ruptured, nor does he allege that the rupture of the cyst was unexpected or the result of ineffective treatment. In his prayer for relief, however, he asks that he be provided regular checkups; that he receive all future medical treatment from an off-site medical Center, not from Defendants; and that Defendants pay the full costs of all future medical care and treatment. He also requests money damages, and both a default judgment and summary judgment against Defendants.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016).

Here, however, Plaintiff does not name any medical personnel he finds liable. He has not pled a claim against the nurse who gave him the allegedly ineffective ointment or the Medical Director who evaluated him. Plaintiff lists John and Jane Doe Defendants in the caption but does not plead against them in the body of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

Plaintiff has named John Baldwin, the former Director of the Illinois Department of Corrections ("IDOC") and Healthcare Administrator Lois Lindorff, but pleads no claims against them. Section 1983 limits liability to public employees "for their own misdeeds, and not for

3

anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009). Prison administrators are entitled to relegate to others the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates. *Id.*

Plaintiff also names Counselor John Frost, Grievance Officer Debbie Knauer and Warden Dorethy, alleging that Defendants denied his related grievances. An individual does not become liable for an alleged constitutional violation, however, merely by denying a grievance. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007) (rejecting that "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself…Only persons who cause or participate in the violations are responsible.") *See also, Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."

Even if Plaintiff had properly identified the Defendants whom he holds liable, he has failed to state an IIED claim. This is so, as "[u]nder Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). "[E]motional distress alone is not sufficient to give rise to a cause of action. The emotional distress must be severe...unendurable by a reasonable person…" *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). Defendant must have acted with knowledge of the probable impact his conduct would have on plaintiff. *Burks v. Lt. Sara Soto*, No. 15-00055, 2016 WL 6442181, at *4 (N.D. Ill. Nov. 1, 2016) (internal citations omitted).

Plaintiff does not allege that he told any staff member that the cyst was getting worse and that they failed to respond. He offers nothing to support that staff acted intentionally so as to stoke his cancer fears and cause him emotional distress. He claims, in fact, that he was regularly told him that the bump was merely a cyst and did not require care different than that being provided.

Plaintiff also fails to plead a claim against Defendant Wexford. He asserts that Wexford had a policy to refer prisoners to outside providers if their medical care could not be handled on-site, but that this policy was not followed. Wexford is potentially liable for a constitutional injury only if its policy or practice caused the injury. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.)[1] Here, Plaintiff does not claim that he was injured due to an unconstitutional Wexford policy but, rather, that he was injured due to unidentified individuals' failure to follow a valid Wexford policy. This is insufficient to state a *Monell* claim.

Here, Plaintiff has named Defendants against whom he has not stated a claim and has stated claims without naming the Defendant involved. Plaintiff will be given an opportunity, within 30 days, to file an amended complaint addressing these deficiencies.

Plaintiff is advised that if he intends to proceed on the state law medical malpractice claim, he must be prepared to comply with the Illinois Healing Arts Malpractice statute. 735 ILCS 5/2-622 et. seq. The statute requires that a plaintiff provide an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). *See also*, *Young*

---
[1] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978)

*v. U.S.*, –F.3d – at *2, 2019 WL 5691878 (7th Cir. 2019) (Plaintiff must provide affidavit and certificate of merit by summary judgment stage).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff files [11], a renewed motion for recruitment of *pro bono* counsel. Plaintiff provides a copy of one letter he sent to prospective counsel but does not provide the attorney's reply. This, despite the Court's instruction of August 7, 2019, "[i]n the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel." [11] is DENIED. *See generally, Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

ENTERED: \_11/12/2019_____

_____s/Joe Billy McDade_____
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE